# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL CONSUMERS LEAGUE,    )
    )
       Plaintiff,    )
    )
v.    )     Civil Action No. 24-cv-421 (RBW)
    )
STARBUCKS CORPORATION,    )
    )
       Defendant.    )
    )

## PLAINTIFF'S MOTION TO REMAND AND FOR FEES AND COSTS

Plaintiff National Consumers League ("NCL"), a non-profit public-interest organization acting on behalf of itself and the general public, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. § 1447(c), moves to remand the above-captioned case to the Superior Court of the District of Columbia because the Court lacks federal subject-matter jurisdiction.

A Memorandum of Points and Authorities in support of the Motion and a (Proposed) Order are attached. Pursuant to LCvR 7(m), Plaintiff conferred with Defendant on March 8, 2024, and sought Defendant's consent. Defendant did not consent to the requested relief.

Dated: March 13, 2024          Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal (D.C. Bar No. 1010473)
Charlotte H. Schwartz (D.C. Bar No. 1658311)
JAMES & HOFFMAN, P.C.
1629 K Street, NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 (facsimile)
dmrosenthal@jamhoff.com
chschwartz@jamhoff.com

Attorneys for Plaintiff National Consumers League

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL CONSUMERS LEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-cv-421 (RBW) |
| | ) | |
| STARBUCKS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND FOR FEES AND COSTS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 3

LEGAL STANDARD ........................................................................................................... 7

ARGUMENT ..................................................................................................................... 7

I.      This Court Lacks Jurisdiction Under CAFA ....................................................... 7

II.     This Court Lacks Diversity Jurisdiction Under 28 U.S.C. § 1332(a) ............... 14

III.    NCL is Entitled to Its Fees and Costs Associated with Opposing Starbucks'
        Objectively Unreasonable Removal ................................................................. 17

CONCLUSION ................................................................................................................. 19

CERTIFICATE OF SERVICE .............................................................................................. 21

# TABLE OF AUTHORITIES

*Asterisks designate cases or authorities counsel chiefly relies upon.

**Page(s)**

## Cases

*Animal Legal Def. Fund v. Hormel Foods Corp.,
   249 F.Supp.3d 53 (D.D.C. 2017) .................................................................. passim

Animal Legal Def. Fund v. Hormel Foods Corp.,
   258 A.3d 174 (D.C. 2021) ...................................................................................4

Beyond Pesticides v. Exxon Mobil Corp.,
   No. 20-1815 (TJK), 2021 WL 1092167 (D.D.C. Mar. 22, 2021)............................11

Breakman v. AOL LLC,
   545 F.Supp.2d 96 (D.D.C. 2008) ...................................................................8, 9, 16

Breathe DC v. Santa Fe Nat. Tobacco Co.,
   232 F.Supp.3d 163 (D.D.C. 2017)...........................................................................16

Burton v. Coburn,
   No. Civ. A. 04-965(RBW), 2005 WL 607912 (D.D.C. Mar. 16, 2005).................18

Busby v. Capital One, N.A.,
   841 F.Supp.2d 49 (D.D.C. 2012) ..............................................................................7

Clean Label Project Found. v. Abbott Lab'ys, Inc.,
   No. 21-cv-3247 (BAH), 2022 WL 1658813 (D.D.C. May 25, 2022) ...................11

*Clean Label Project Found. v. Mead Johnson & Co., LLC,
   No. 20-cv-3231, 2023 WL 2733723 (D.D.C. Mar. 31, 2023) ....................... passim

Clean Label Project Found. v. Now Health Group, Inc.,
   No. 21-11 (JDB), 2021 WL 2809106 (D.D.C., July 6, 2021).........................15, 16

D.C. v. Exxon Mobil Corp.,
   640 F.Supp.3d 95 (D.D.C. 2022) .....................................................................10, 11

Earth Island Inst. v. BlueTriton Brands,
   583 F.Supp.3d 105 (D.D.C. 2022) ............................................................................7

*Hackman v. One Brands, LLC,
   No. 18-2101 (CKK), 2019 WL 1440202 (D.D.C. Apr. 1, 2019)................... passim

Ibarra v. Manheim Invs., Inc.,
   775 F.3d 1193 (9th Cir. 2015) ................................................................................16

*Int'l Labor Rights Forum v. Bumble Bee Foods, LLC*,
  No. 22-cv-01220 (DLF), 2022 WL 16994407 (D.D.C. Nov. 15, 2022)................................11

*Johnson-Brown v. 2200 M St. LLC*,
  257 F.Supp.2d 175 (D.D.C. 2003) ...........................................................................................18

*Knop v. Mackall*,
  645 F.3d 381 (D.C. Cir. 2011) .................................................................................................18

*Margolis v. U-Haul Int'l, Inc.*,
  No. 2007 CA 005245 B, 2009 WL 5788369 (D.C. Super. Ct. Dec. 17, 2009) .......................12

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005).................................................................................................................17

*NCL v. Bimbo Bakeries USA*,
  46 F.Supp.3d 64 (D.D.C. 2014) ....................................................................................... *passim*

*NCL v. Flowers Bakeries, LLC*,
  36 F.Supp.3d 26 (D.D.C. 2014) ....................................................................................... *passim*

*NCL v. General Mills, Inc.*,
  680 F.Supp.2d 132 (D.D.C. 2010) ...............................................................................8, 16, 17

*Nytes v. Trustify, Inc.*,
  297 F.Supp.3d 191 (D.D.C. 2018) .............................................................................................7

*Organic Consumers Ass'n v. R.C. Bigelow, Inc.*,
  314 F.Supp.3d 344 (D.D.C. 2018) .............................................................................................4

*Rotunda v. Marriott Int'l, Inc.*,
  123 A.3d 980 (D.C. 2015) ................................................................................................ *passim*

*RWN Dev. Group, LLC v. Travelers Indem. Co. of Conn.*,
  540 F.Supp.2d 83 (D.D.C. 2008) .............................................................................................16

*Sloan v. Soul Circus, Inc.*,
  No. 15-01389 (RC), 2015 WL 9272838 (D.D.C. Dec. 18, 2015)...............................13, 14, 16

*Smith v. Abbott Lab'ys, Inc.*,
  No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 30, 2017) .........................11

*Snyder v. Harris*,
  394 U.S. 332 (1969).................................................................................................................15

*Stand. Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013).................................................................................................................15

*Stein v. Am. Express Travel Related Servs.*,
    813 F.Supp.2d 69 (D.D.C. 2011) .................................................................17, 18

*Toxin Free USA v. J.M. Smucker Co.*,
    507 F.Supp.3d 40 (D.D.C. 2020) ..........................................................7, 11, 13, 17

*Warth v. Seldin*,
    422 U.S. 490 (1975) ........................................................................................15

*Wexler v. United Air Lines, Inc.*,
    496 F.Supp.2d 150 (D.D.C. 2007) .................................................................13, 16

*Zahn v. Int'l Paper Co.*,
    414 U.S. 291 (1973) ........................................................................................15

*\*Zuckman v. Monster Bev. Corp.*,
    958 F.Supp.2d 293 (D.D.C. 2013) ........................................................... *passim*

**Statutes**

28 U.S.C. § 1332 ................................................................................... *passim*

28 U.S.C. § 1367 ........................................................................................6

28 U.S.C. § 1441 ........................................................................................7

28 U.S.C. § 1447 ......................................................................................17

D.C. Code § 28-3901 ...............................................................................1, 3, 5

D.C. Code § 28-3904 ....................................................................................5

*\*D.C. Code § 28-3905 ........................................................................... *passim*

**Other Authorities**

D.C. Practice Manual ...............................................................................3, 9

Fed. R. Civ. P. 23 ........................................................................................8

## INTRODUCTION

Federal courts have consistently held that they lack jurisdiction over complaints indistinguishable from the one at issue here.  Thus, in *every case* involving allegations like these brought under the D.C. Consumer Protection and Procedures Act ("D.C. CPPA" or "CPPA"), D.C. Code § 28-3901 *et seq.*, courts have rejected companies' removal efforts and granted motions to remand.  In the face of this uniform precedent, the attempted removal of this action by Defendant Starbucks Corporation ("Starbucks") is entirely without merit and appears to be simply an attempt to delay proceedings.  The action should be remanded and fees for the time required to litigate this remand motion should be awarded to Plaintiff National Consumers League ("NCL").

Starbucks asserts as its basis for removal both the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and diversity jurisdiction, *id.* § 1332(a).  But as the courts of this District have *uniformly* concluded, neither statute provides a basis for removal.

Initially, the face of NCL's Complaint makes clear that this case is not a class action subject to CAFA.  The case is explicitly brought as a private attorney general action on behalf of the general public and D.C. consumers, and the Complaint mentions no class action, defines no class, and does not cite D.C. Superior Court Rule of Civil Procedure 23.  Starbucks contends that NCL's lawsuit must be a class action because its prayer for relief contains a request for monetary damages.  However, NCL, like every other organizational plaintiff that has brought a claim under the D.C. CPPA since 2015 of which NCL is aware, seeks only statutory damages on its own behalf, not any statutory damages on behalf of the general public.  Moreover, Starbucks' argument that this Court should *convert* NCL's lawsuit into a class action because its prayer for relief contains a request for monetary damages rests on a single case, *Rotunda v. Marriott Int'l,*

1

*Inc.*, 123 A.3d 980 (D.C. 2015), which at most stands for the proposition that Starbucks could move in state court for dismissal of any claim for damages on behalf of the general public on the ground that such damages are available only in class actions—*not* that such a prayer for relief would *convert* the lawsuit into a class action, contrary to NCL's plain intent.  Like every other federal court to consider this issue, this Court should reject Starbucks' attempt to urge this nonsensical application of *Rotunda*.

Similarly, the Court should reject Starbucks' contention that the amount in controversy in this action exceeds that required by CAFA or diversity jurisdiction.  It is blackletter law that unsupported speculation about the amount in controversy, which is all that Starbucks offers in its Notice of Removal, is insufficient to meet a removing defendant's burden of proof.  Further, Starbucks' attempt to rely on the hypothetical statutory damages of either NCL or one of its members fails for the additional reasons that NCL itself has not purchased enough Starbucks products to satisfy the amount in controversy requirement, and NCL does not have members.

Because Starbucks' removal lacks any reasonable basis, this Court should award NCL its fees and costs incurred in returning this action to the proper forum.  Starbucks' Removal Notice ignores the settled law of this District, which has uniformly held that similar false advertising cases brought by organizational private attorneys general on behalf of the general public under the CPPA are not within the jurisdiction of the federal courts and must be remanded.  This precedent is longstanding, unwavering, and unambiguous.

Accordingly, NCL respectfully requests that this Court grant the motion to remand and, because there was no reasonable basis for removal, award NCL its attorneys' fees and costs associated with seeking this remand.

**BACKGROUND**

On January 10, 2024, NCL filed this consumer protection case in D.C. Superior Court on behalf of itself and the general public, suing as a private attorney general for equitable and injunctive relief pursuant to D.C. Code § 28-3905(k)(1).  This unique provision of the D.C. CPPA, D.C. Code § 28-3901 *et seq.*, authorizes nonprofit public interest organizations like NCL to sue on behalf of the interest of D.C. consumers to combat false or misleading information in the D.C. marketplace.  *See generally* ECF No. 1-2 ("Compl.").  Consistent with its mission and its long history advocating for consumers as well as fighting to protect and improve workers' rights, NCL seeks to redress a pervasive pattern of fraudulent, deceptive, and otherwise improper marketing practices by Starbucks.  As alleged in the complaint, Starbucks falsely advertises that it is "committed to 100% ethical coffee sourcing" and to "100% ethically sourced tea" when in fact it sources these products from suppliers that subject their workers to severe human rights and labor abuses, including forced and child labor as well as rampant and egregious sexual harassment and assault.  *Id.*

NCL sues under two separate standing provisions of the D.C. CPPA that authorize private attorney general actions by nonprofit public interest organizations.[1]  First, NCL sues under D.C. Code § 28-3905(k)(1)(C), which allows any nonprofit organization to sue "on behalf of the general public" for relief from the use of a trade practice that violates D.C. law:

> A nonprofit organization may, on behalf of itself or any of its members, or on any such behalf and on behalf of the general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District, including a violation involving consumer goods or services that the organization purchased or received in order to test or evaluate qualities pertaining to use for personal, household, or family purposes.

---

[1] Both are the product of 2012 amendments to the Act.  *See* 2 D.C. BAR ASS'N, D.C. PRACTICE MANUAL 279-80 (29th ed. 2022) (referring to 2012 amendments as the "2011 amendments").

*See* Compl. ¶¶ 10, 113 (alleging that NCL, a nonprofit organization, brings this action on behalf of itself and the general public of District consumers).[2]  *See, e.g.*, *Clean Label Project Found. v. Mead Johnson & Co.*, No. 20-cv-3231, *LLC*, 2023 WL 2733723, at *1 (D.D.C. Mar. 31, 2023) (plaintiff nonprofit organization filing "on behalf of itself and the general public" pursuant to D.C. Code § 28-3905(k)(1)(C)); *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F.Supp.3d 344, 347 (D.D.C. 2018) ("*R.C. Bigelow*") (same).

Second, NCL proceeds under D.C. Code § 28-3905(k)(1)(D), which allows a public interest organization to sue on behalf of the interest of D.C. consumers generally:

> [A] public interest organization may, on behalf of the interests of a consumer or a class of consumers, bring an action seeking relief from the use by any person of a trade practice in violation of a law of the District if the consumer or class could bring an action under subparagraph (A) of this paragraph for relief from such use by such person of such trade practice.[3]

*See* Compl. ¶¶ 14, 113 (alleging that NCL, a public interest organization with a sufficient nexus, brings this representative action on behalf of "the general public and District consumers"). *See also Animal Legal Def. Fund v. Hormel Foods Corp.*, 258 A.3d 174, 181, 183 (D.C. 2021) ("*ALDF II*") (holding that plaintiff had "representational standing under … § 28-3905(k)(1)(D)" to bring suit "on behalf of the interests of a consumer or a class of consumers").

These two standing provisions work in conjunction with other parts of the CPPA to allow nonprofit and public interest organizations to sue on behalf of the general public or D.C. consumers generally when misleading or untruthful information enters the D.C. marketplace, as follows:

---

[2] Although NCL's complaint states that NCL brings its claims on behalf of itself and its members, Compl. ¶ 113, NCL is not currently a membership organization and was not a membership organization at the time it filed this case, and thus does not have members on behalf of whom it could sue.  NCL intends to amend its complaint following the resolution of this motion to delete these erroneous allegations.  *See* Declaration of Sally Greenberg ("Greenberg Decl.") ¶¶ 2–3.

[3] D.C. Code § 28-3905(k)(1)(A), referenced in the full text of § 28-3905(k)(1)(D) as quoted, states, "A consumer may bring an action seeking relief from the use of a trade practice in violation of a law of the District."

- The CPPA "establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia."  D.C. Code § 28-3901(c).

- A manufacturer misrepresenting the properties or qualities of consumer goods violates the CPPA regardless of "whether or not any consumer is in fact misled, deceived, or damaged thereby."  D.C. Code § 28-3904.

The CPPA thus grants D.C. consumers the right to a marketplace free from misleading statements and the opportunity to bring an action seeking relief when that right is violated, i.e., when untruth enters the marketplace.  D.C. Code § 28-3905(k)(1)(C) & (D), in turn, empower nonprofit and public interest organizations to represent the general public and the interests of D.C. consumers generally by suing for violations of the CPPA that individual consumers may lack the resources to enforce by suing individually under (k)(1)(A).

Suing under these private attorney general standing provisions, NCL's Complaint seeks the equitable and legal remedies available under the CPPA.  *See* D.C. Code § 28-3905(k)(2). Specifically, NCL's Prayer for Relief requests a declaration that Starbucks' false advertising constitutes an unfair and/or deceptive trade practice in violation of the CPPA; a public injunction enjoining Starbucks' violations of the CPPA; an order that Starbucks engage in a corrective advertising campaign; actual damages and treble damages and/or statutory damages, whichever is greater; punitive damages; attorneys' fees and costs; and any other relief that the Court determines proper.  Compl. ¶¶ 28-29.  However, NCL has never claimed and does not seek statutory damages on behalf of the general public.  *See* Declaration of Sally Greenberg ("Greenberg Decl.") ¶ 5.

Starbucks removed the case from D.C. Superior Court on February 12, 2024.  ECF No. 1 ("Notice").  It identified two bases for this Court's jurisdiction in its removal notice: the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), Notice ¶¶ 8-24, and diversity of citizenship

under 28 U.S.C. § 1332(a), *id.* ¶¶ 25-34.  Notably, in so doing, it failed to cite to a *single decision* which has upheld removal in similar situations.

Instead, Starbucks cites *Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 985-90 (D.C. 2015), in support of the universally rejected contention that NCL's private attorney general suit on behalf of the general public is a class action "brought under D.C. Rule 23" because, Starbucks asserts, NCL seeks damages "'[o]n behalf of itself and the general public,'" and is thus subject to CAFA.  Notice ¶ 12.  Regarding CAFA's amount in controversy requirement, Starbucks merely speculates that "Plaintiff's theory could be construed to seek a $1,500 statutory penalty for each" sale of Starbucks coffee or tea products in the District of Columbia during the applicable limitations period, and under this potential theory of statutory damages calculations, CAFA's $5,000,000 jurisdictional threshold would be met given Starbucks' annual sales figures in the District.  *Id.* ¶ 24.

With respect to diversity jurisdiction, Starbucks asserts "[u]pon information and belief" that NCL has purchased enough products in the applicable period such that the statutory damages available for those purchases would exceed the $75,000 jurisdictional minimum and, in the alternative, that "upon information and belief" the individual statutory damages of at least one of NCL's members exceeds that threshold.  *Id.* ¶¶ 31-32.[4]  NCL, however, has only purchased two Starbucks coffee or tea products in the past three years, totaling $34 in value, and it has no members who have purchased Starbucks products in the past three years because NCL has not been a membership organization since approximately 2012 so has no members who could have made such purchases.  *See* Greenberg Decl. ¶¶ 2–4.

---

[4] Starbucks contends that if the amount in controversy requirement for diversity jurisdiction is satisfied by NCL or one of its members, then the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any remaining claims.  *Id.* ¶ 33.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court may be removed to a United States District Court only if the case originally could have been brought in federal court. Courts must strictly construe the removal statute, and "any ambiguities concerning the propriety of removal" must be construed in favor of remand. *Nytes v. Trustify, Inc.*, 297 F.Supp.3d 191, 196 (D.D.C. 2018) (quoting *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F.Supp.2d 33, 36 (D.D.C. 2005)); *Busby v. Capital One, N.A.*, 841 F.Supp.2d 49, 53 (D.D.C. 2012). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby*, 841 F.Supp.2d at 53; *see also Earth Island Inst. v. BlueTriton Brands*, 583 F.Supp.3d 105, 108 (D.D.C. 2022) ("The removing party bears the burden of showing that removal is proper.") (citing *Toxin Free USA v. J.M. Smucker Co.*, 507 F.Supp.3d 40, 43 (D.D.C. 2020)).

## ARGUMENT

### I.     This Court Lacks Jurisdiction Under CAFA.

Under CAFA, a case is removable only if it is a "class action," which CAFA defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Because courts have universally concluded—including after *Rotunda*—that a private attorney general action such as this brought by a nonprofit organization under the CPPA is not "filed under rule 23 of the [FRCP] or similar State statute or rule of judicial procedure" and thus is not a "class action" within the meaning of CAFA, CAFA is entirely inapplicable. *See, e.g.*, *Mead Johnson*, 2023 WL 2733723, at *3; *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 WL 1440202, at *5

(D.D.C. Apr. 1, 2019); *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F.Supp.3d 53, 64-65 (D.D.C. 2017) (hereinafter "*ALDF I*").  Moreover, even if this arguably were a class action, Starbucks fails to meet its burden of establishing that the amount in controversy is more than $5 million, another requirement for CAFA jurisdiction.  28 U.S.C. § 1332(d)(2).  For both of these independent reasons, this Court lacks jurisdiction under CAFA.

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  It is well established that "[a] state statute or rule is similar to Federal Rule of Civil Procedure 23" only "if it closely resembles Rule 23 or is like Rule 23 in substance or in essentials," i.e., if it includes the "hallmarks of Rule 23 class actions[:] adequacy of representation, numerosity, commonality, typicality, [and] the requirement of class certification." *NCL v. Bimbo Bakeries USA*, 46 F.Supp.3d 64, 76 (D.D.C. 2014) (quoting *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121, 1123 (9th Cir. 2014)) (latter alteration in original).

Because the CPPA's private attorney general provisions include no such features, this District's courts have uniformly held that they "lack 'the equivalency to Rule 23 that CAFA demands.'"  *Id.* (quoting *Baumann*, 747 F.3d at 1123); *see also, e.g.*, *Mead Johnson*, 2023 WL 2733723, at *4 ("[C]ourts in this district have found repeatedly that the CPPA is not" a "'similar State statute' within the meaning of CAFA."); *ALDF I*, 249 F.Supp.3d at 64-65 (the CPPA is a "separate and distinct procedural vehicle from a class action" (citing *Breakman v. AOL LLC*, 545 F.Supp.2d 96, 101 (D.D.C. 2008)); *NCL v. Flowers Bakeries, LLC*, 36 F.Supp.3d 26, 36 (D.D.C. 2014) ("[R]emoval is not permitted under CAFA's class action provision for actions brought by a private attorney general under D.C. Code § 28-3905(k)(1) where plaintiff has not brought a

'class action' under D.C. Superior Court Rule 23."); *NCL v. General Mills, Inc.,* 680 F.Supp.2d 132, 139 (D.D.C. 2010) (holding case not removable under CAFA because "at least for CPPA claims brought on behalf of the general public as here, plaintiffs need not comply with Rule 23"); *Breakman*, 545 F.Supp.2d at 101 (similar).[5]  Consequently, cases brought under the private attorney general provisions of the CPPA have been universally remanded when removed on CAFA grounds.

The following differences separate a "class action" from a CPPA private attorney general action, among others:

1. Rule 23 involves class certification, but there is no class certification requirement for a private attorney general action under the CPPA.  *See, e.g.*, *Bimbo Bakeries*, 46 F.Supp.3d at 76.

2. Rule 23 generally requires that absent class members be given notice, but there is no such requirement for a private attorney general action under the CPPA.  *See, e.g.*, *id.*

3. A settlement or judgment under Rule 23 may bind absent class members, such as by releasing their claims.  *See* D.C. R. Civ. Proc. 23(c)(2)(B)(vii).  But a CPPA action has no such effect.  *Rotunda*, 123 A.3d 980 at 986–87 (D.C. App. 2015).

These important differences distinguish NCL's case against Starbucks from a class action under CAFA.  *See also* Greenberg Decl. ¶ 5 (affirming that NCL did not file this case and does not intend to litigate it as a class action).

---

[5] Starbucks does not contend that this private attorney general action is a "mass action" within the meaning of § 1332(d)(11).  In any event, such an argument would lack merit because CAFA's definition of a "mass action" explicitly excludes from its coverage civil actions in which "all of the claims … are asserted *on behalf of the general public* (and not on behalf of individual claimants or members of a purported class) *pursuant to a State statute specifically authorizing such action*."  28 U.S.C. § 1332(d)(11)(B)(ii)(III) (emphases added); *see also* D.C. Practice Manual, at 285.

Starbucks urges this Court to nonetheless hold that NCL's CPPA case should be deemed a class action based on *Rotunda v. Marriott,* 123 A.3d 980 (D.C. 2015). But *Rotunda*—which was not a ruling on a remand motion and did not address federal jurisdiction—did not abrogate this long, unwavering chain of authority, nor does anything in *Rotunda* undermine the courts' universal consensus that a private attorney general action brought by a nonprofit organization under the CPPA is *not* a class action under CAFA. Indeed, multiple courts of this District both *before* and *after Rotunda* have explicitly rejected as without merit exactly the argument that Starbucks makes here. *See, e.g.*, *Clean Label*, 2023 WL 2733723, at *2-4; *D.C. v. Exxon Mobil Corp.*, 640 F.Supp.3d 95, 112 (D.D.C. 2022); *Hackman*, 2019 WL 1440202, at *5; *Zuckman v. Monster Bev. Corp.*, 958 F.Supp.2d 293, 304-06 (D.D.C. 2013). Starbucks does not cite a single case to the contrary.

*Rotunda* involved the appeal of a D.C. Superior Court's dismissal of an individual plaintiff's CPPA request for damages payable to individual members of the "general public" for failure to plead a class action in compliance with Rule 23. Citing due process concerns specific to suits for damages on behalf of absent class members, the *Rotunda* court affirmed the Superior Court's decision. 123 A.3d at 985. Importantly, *Rotunda* did *not* hold that a CPPA action such as this one that seeks money damages only on behalf of the organizational plaintiff itself and seeks only equitable and injunctive relief on behalf of the general public must be prosecuted as a class action. Nor did it hold that a CPPA action seeking representative damages *becomes* a class action "filed under" Rule 23 regardless of how it is pled. *All* that *Rotunda* stands for is that a claim seeking damages in D.C. Superior Court on behalf of the general public (which this case does not) may be subject to dismissal if the plaintiff does not also plead that it is seeking to certify a class under Rule 23. *Cf. D.C. v. Exxon Mobil*, 640 F.Supp.3d at 112 (finding *Rotunda*

inapposite as to CAFA question because "the court [in *Rotunda*] had no occasion to determine whether a federal court would have jurisdiction under CAFA").

Multiple courts of this District have made precisely this point when rejecting the very argument that Starbucks makes here and remanding improperly removed CPPA private attorney general actions.[6]  For example, in the recent *Mead Johnson* case, the defendant relied on *Rotunda* to argue that because the plaintiff nonprofit organization's CPPA action expressly sought monetary damages, it was subject to CAFA and removal jurisdiction.  2023 WL 2733723, at *2.  The court rejected that application of *Rotunda*.  Pointing out that the sole "effect" of *Rotunda* "is that a plaintiff who brings a representative suit under § 28-3905(k)(1), seeking money damages, must seek to certify a class at the appropriate stage of litigation—typically the motion to dismiss stage," the court explained that  "whether a subset of CPPA litigants must seek to certify a class at the motion to dismiss stage is a distinct question, separate and apart from whether the CPPA is a 'similar State statute' governing state class actions."  *Id.* at *3.  While *Rotunda* spoke to the first question, the second question had been answered unanimously in the negative by the courts of this District, which had repeatedly ruled, including after *Rotunda*, that "removal of CPPA cases under CAFA was impermissible."  *Id.* (citing *J.M. Smucker*, 507 F.Supp.3d at 44; *Hackman*, 2019 WL 1440202, at *3; *ALDF I*, 249 F.Supp.3d at 64).  *Mead Johnson* thus rejected the defendant's attempt to distinguish CPPA actions seeking purely injunctive relief from CPPA actions seeking damages, concluding it was "unpersuaded that the long and undisturbed line of

---

[6] *E.g.*, *Mead Johnson*, 2023 WL 2733723, at *4 ("the court is unpersuaded that the long and undisturbed line of cases finding that CPPA actions are not removable has been expunged by the *Rotunda* decision."); *Clean Label Project Found. v. Abbott Lab'ys, Inc.*, No. 21-cv-3247 (BAH), 2022 WL 1658813, at *7 (D.D.C. May 25, 2022) ("a chorus of judges on this Court, including after *Rotunda*, have declined to view CPPA representative suits not seeking money damages as within the aegis of CAFA."); *Int'l Labor Rights Forum v. Bumble Bee Foods, LLC*, No. 22-cv-01220 (DLF), 2022 WL 16994407, at *1 (D.D.C. Nov. 15, 2022); *ALDF I,* 249 F.Supp.3d at 64-65; *Smith v. Abbott Lab'ys, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478, at *5 (D.D.C. Mar. 30, 2017); *J.M. Smucker,* 507 F.Supp.3d at 45; *Hackman*, 2019 WL 1440202 at *3–4; *Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-1815 (TJK), 2021 WL 1092167, at *3 n.2 (D.D.C. Mar. 22, 2021); *D.C. v. Exxon Mobil*, 640 F.Supp.3d at 112.

cases finding that CPPA actions are not removable has been expunged by the *Rotunda* decision." *Id.* at *4.

Similarly, the court in *Hackman* rejected an argument that *Rotunda* required treating a CPPA suit brought on behalf of the general public as a class action subject to CAFA as "assign[ing] to *Rotunda* a weight that the case cannot bear."  2019 WL 1440202, at *4.  Again, the court explained, *Rotunda* spoke to the "merits question" of whether a damages CPPA claim "'must' be litigated [as a class action]," but for purposes of the jurisdictional question at hand, all that mattered was that the plaintiff had *filed* her lawsuit under the CPPA and not under Rule 23. *Id.* at *5 (quoting *Zuckman*, 958 F.Supp.2d at 305) (alteration in original).[7]  She therefore had plainly *not* filed her case as a class action, and the court could not "simply convert Plaintiff's claim into a class action, capable of attaining jurisdiction under CAFA," in the face of her decision not to file her case as such.  *Id.*

As the decisions in *Mead Johnson*, *Hackman*, and *Zuckman* all underline, in asserting that *Rotunda* somehow converts NCL's CPPA suit into a class action, Starbucks urges an application of *Rotunda* that would defy both the settled law of this District and the fundamental principle that, "[a]t the remand stage, the dispositive question … is 'how the action was actually filed.'" *Flowers Bakeries*, 36 F.Supp.3d at 35.  Here, the action was indisputably filed as a private attorney general action under the CPPA, *not* a Rule 23 class action.  *See* Compl. ¶¶ 10, 113;

---

[7] *Zuckman*, on which the *Hackman* court relied, predated *Rotunda* but had rejected a similar argument based on a D.C. Superior Court case, *Margolis v. U-Haul Int'l, Inc.*, No. 2007 CA 005245 B, 2009 WL 5788369 (D.C. Super. Ct. Dec. 17, 2009), which had reached a similar conclusion to *Rotunda*'s (that a defendant could not seek damages on behalf of the general public without certifying a class).  In *Zuckman*, the removing defendant argued that *Margolis* required treatment of the plaintiff's CPPA representative lawsuit as a class action, but the *Zuckman* court rightly pointed out that such an argument "contradict[ed] the very holding of *Margolis*—if the DCCPPA itself provided class action safeguards [such that it would qualify as a statute similar to Rule 23 and subject to CAFA], the *Margolis* claim for money damages on behalf of third parties should have been permitted to proceed."  958 F.Supp.2d at 305.  And as in the *Hackman* decision, the *Zuckman* court accordingly refused to "convert Zuckman's complaint into a class action on the assumption that, faced with possible dismissal of the damages claim on behalf of the general public, he would choose to file this case under Rule 23."  *Id.* at 305-06.

Greenberg Decl. ¶ 5.  Consequently, consistent with the unbroken line of uniform precedent so holding, this case is not subject to CAFA and is not removable on that basis.[8]

Finally, even if this Court were to reject uniform precedent and hold that a CPPA case *is* a class action, the Court would still lack jurisdiction under CAFA because Starbucks fails to meet its burden of proving that the amount in controversy requirement "exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  Starbucks simply asserts that "Plaintiff's theory *could be construed* to seek a $1,500 statutory penalty for each" of the "many thousands of sales of Starbucks coffee and tea products in the District of Columbia each year."  Notice ¶ 24 (emphasis added).  That assertion fails to meet Starbucks' "'burden of establishing the Court's jurisdiction.'"  *Toxin Free USA*, 507 F.Supp.3d at 44 ("[E]ven in CAFA cases, the removing party 'bears the burden of establishing the Court's jurisdiction.'") (quoting *Doe v. Georgetown Synagogue-Kesher Israel Congregation*, 118 F.Supp.3d 88, 92 (D.D.C. 2015)); *see also Sloan v. Soul Circus, Inc.*, No. 15-01389 (RC), 2015 WL 9272838, at *9, 12 (D.D.C. Dec. 18, 2015) (removing party cannot rely on "speculative and unsupported" assertions to carry its burden).

As previously explained, NCL seeks statutory damages only on its own behalf, *not* on behalf of the general public.  The number of relevant transactions therefore falls well below the 3,334 Starbucks believes are required to satisfy the amount in controversy requirement, and remand is appropriate for that reason as well.  *Cf. Wexler v. United Air Lines, Inc.*, 496 F.Supp.2d 150, 153–54 (D.D.C. 2007) ("nonexistent evidentiary showing is insufficient to meet [removing party's] burden to establish the existence of" jurisdiction); *RWN Dev. Group, LLC*, 540 F.Supp.2d at 90 (amount in controversy requirement was not satisfied because "defendant

---

[8] Because the case does not qualify as a "class action" or "mass action" subject to CAFA, there is no need to discuss CAFA's numerosity requirement, which presupposes some class on behalf of which the action is brought.

has not provided any documentation [or] any other supporting evidence to establish that the plaintiffs' claims exceed" the jurisdictional threshold).

## II.      This Court Lacks Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

Starbucks argues, in the alternative, that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).  But to establish federal subject matter jurisdiction under the diversity statute, Starbucks must demonstrate by a *preponderance of the evidence* that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).[9]  *See Sloan*, 2015 WL 9272838, at *5 (removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold") (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)).  Starbucks fails to meet that burden.

Starbucks rests its argument for diversity jurisdiction on allegations, made "upon information and belief," that either NCL or one of its members has individual statutory damages of at least $75,000, as would be required for this Court to have jurisdiction over this case.  Notice ¶¶ 31–33.  These assertions are unsubstantiated and in fact untrue.  As stated in its accompanying declaration, NCL has *not* purchased enough Starbucks products to satisfy the amount in controversy requirement for diversity jurisdiction.  After reviewing its records, NCL confirmed that it has only purchased Starbucks products twice in the last three years.  Even if every purchase constituted a statutory violation under the CPPA that warranted damages, statutory damages for these purchases would still fall well shy of the jurisdictional minimum.  *See Zuckman*, 958 F.Supp.2d at 300–01 (finding the amount in controversy requirement was not satisfied when plaintiff clarified that his purchases would not warrant more than $75,000 in

---

[9] NCL does not contest that the parties are diverse for the purposes of this motion.

statutory damages); *Stand. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement.").[10]

Nor can Starbucks rely on its entirely unfounded speculation about the purchases of any of NCL's members, because NCL has not had any members for over a decade—thus, there is no member who could claim more than $75,000 in statutory damages for their purchase of Starbucks' products within the limitations period. *See* Greenberg Decl. ¶¶ 2-4; note 2 *supra*. Further, even if NCL did have members, they would not be parties to this lawsuit, and a consumer "must also be a party to the lawsuit in order for the Court to have diversity jurisdiction." *Flowers Bakeries*, 36 F.Supp.3d at 32; *see Warth v. Seldin*, 422 U.S. 490, 515–16 (1975) (when "damages claims are not common to the entire membership, nor shared by all in equal degree ... each member of [the plaintiff organization] who claims injury as a result of [the defendant's] practices m[u]st be a party to the suit.").

---

[10] As discussed in Section I, *supra*, NCL is not seeking statutory damages on behalf of the general public, but even if it were, any damages sought on behalf of the general public would not count towards the amount in controversy required under § 1332(a). Under the non-aggregation principle established by the Supreme Court in *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95 (1973), and *Snyder v. Harris*, 394 U.S. 332, 335 (1969)," "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *ALDF I*, 249 F.Supp.3d at 59–60 (quoting *Snyder*, 394 U.S. at 335). Applying *Snyder* and *Zahn*, courts in this District have made clear that when a plaintiff brings a representative action on behalf of the general public under the CPPA, "only the damages to which [the organizational plaintiff] would be personally entitled— rather than those on behalf of the public—will count toward satisfying" the amount in controversy requirement for diversity jurisdiction. *Bimbo Bakeries*, 46 F.Supp.3d at 72 (quoting *Zuckman*, 958 F.Supp.2d at 297–98); *see also Flowers Bakeries*, 36 F.Supp.3d at 32 ("[C]ourts within this district have unanimously concluded that so long as individual consumers are eligible to recover individual damages, the consumers do not have a 'common and undivided interest' that may be aggregated under the non-aggregation principal announced in *Snyder*."); *Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 WL 2809106, at *6 (D.D.C., July 6, 2021) ("[U]nder the non-aggregation principle, the amount in controversy for a DCCPPA case only includes statutory damages arising from the purchases for which the lead plaintiff asserts claims."). Thus, if Starbucks cannot show that NCL *itself* has claims with a value exceeding $75,000, this Court lacks diversity jurisdiction.

Finally, even if Starbucks were able to show that NCL had members *and* those members' purchases were relevant for amount in controversy purposes, Starbucks offers nothing but speculation, "upon information and belief," to support its allegation that "the individual statutory damages of at least one of Plaintiff's members exceeds $75,000" because they have "purchased more than 50 products in Washington, D.C. during the relevant period applicable in this lawsuit." Notice ¶¶ 32, 33.[11]  Assumptions "pulled from thin air," that have "no reasonable ground underlying them," cannot serve as the basis for establishing the amount in controversy.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *see also Wexler*, 496 F.Supp.2d at 154 ("jurisdiction cannot be based on probabilities, surmise or guesswork"); *Breakman*, 545 F.Supp.2d at 106–08 (remanding in part because "AOL's argument relating to the amount recoverable is based on pure conjecture"); *RWN Dev. Group, LLC v. Travelers Indem. Co. of Conn.*, 540 F.Supp.2d 83, 90 (D.D.C. 2008) (Walton, J.) (the "absen[ce] [of] any supporting evidence to substantiate[] the asserted value of [the plaintiff's] claims reduces them to nothing more than pure speculation.").  Attempts to remand CPPA actions based on speculative and unsubstantiated assertions about the amount in controversy have been uniformly rejected.  *See, e.g.*, *Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F.Supp.3d 163, 169 (D.D.C. 2017); *Bimbo Bakeries*, 46 F.Supp.3d at 74; *Sloan*, 2015 WL 9272838 at *9; *General Mills*, 680 F.Supp.2d at 140.

In sum, because Starbucks' factual allegations regarding the amount in controversy are incorrect and Starbucks relies on impermissible speculation to establish the amount in

---

[11] In arguing that "the individual statutory damages of at least one of Plaintiff's members exceeds $75,000," Starbucks evidently recognizes that, even if NCL did have members on whose behalf NCL could recover damages, the non-aggregation principle would prohibit aggregating the claims of each individual member to satisfy the amount-in-controversy requirement.  *See Clean Label Project Found. v. Now Health Group, Inc.*, 2021 WL 2809106, at *6.

16

controversy, this Court lacks diversity jurisdiction over this case and must remand it for that reason.[12]

### III. NCL Is Entitled to Its Fees and Costs Associated with Opposing Starbucks' Objectively Unreasonable Removal.

Starbucks cited no decisions upholding removal of a general public complaint. That is because there are none. Instead, a multitude of courts have looked at the arguments raised by Starbucks and have uniformly rejected them over the last decade. Because Starbucks lacked an objectively reasonable basis for this removal, this Court should grant NCL its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that Congress created this fees provision to deter defendants from removing cases without an "objectively reasonable basis for seeking removal," and to compensate plaintiffs who must spend time and resources opposing these improper removals); *Stein v. Am. Express Travel Related Servs.*, 813

---

[12] Starbucks also cites the uncontroversial principle that the cost of compliance with injunctive relief, punitive damages, and attorneys' fees can count towards amount in controversy. *See Hackman*, 2019 WL 1440202, at *8–*9 (granting plaintiff's remand motion after applying the non-aggregation principle to all fees and costs). But it is equally well established that a removing defendant bears the burden of substantiating those costs and cannot rely on a bare conclusory statement that the costs of compliance or a fees award will exceed the threshold amount (which Starbucks does not even bother to make here). *See, e.g.*, *ALDF I*, 249 F.Supp.3d at 62–63 (holding that "Defendant ha[s] not satisfied the amount in controversy requirement because Defendant's showing regarding attorneys' fees is too speculative"); *Bimbo Bakeries*, 46 F.Supp.3d at 73–74 (defendant's "speculation or conclusory statements as to the amount of attorneys' fees" and "general assertions that the cost of injunctive relief would exceed $75,000" were "too speculative to establish jurisdiction"); *Zuckman*, 958 F.Supp.2d at 302 (general assertion that defendant would suffer more than $75,000 in lost revenue "too speculative to satisfy the amount-in-controversy requirement"); *General Mills*, 680 F.Supp.2d at 140 (rejecting effort to rely on cost of injunctive relief for amount in controversy requirement because "General Mills speculates not only about the type of injunctive relief plaintiff will seek, but how much that relief will cost"). Further, the well-established non-aggregation principle requires such amounts to be "divided pro rata among District of Columbia consumers," which would certainly lower the amount in controversy below the jurisdictional threshold. *Earth Island*, 583 F.Supp.3d at 109–10 (quoting *Toxin Free USA*, 507 F.Supp.3d at 45–46). Recognizing its inability to meet its burden, Starbucks bases its entire amount in controversy argument exclusively on statutory damages, not on any other measure of the value of NCL's claim. *See* Notice ¶¶ 29-34.

F.Supp.2d 69, 74 (D.D.C. 2011) (awarding costs to plaintiff of opposing removal of a CPPA

private attorney general action given that removal was contrary to well-settled law).

Starbucks rests its removal on (1) an application of *Rotunda* that has been rejected by

every court of this District that has considered it and (2) entirely groundless and speculative

claims that statutory penalties in this matter will exceed the amount in controversy requirements

for CAFA or diversity jurisdiction, despite well settled law that such speculation is wholly

insufficient to satisfy a defendant's burden of proving removal jurisdiction.  At least one court of

this District has already concluded that removing on such grounds is objectively unreasonable

and warrants an award of fees and costs for the plaintiff seeking remand given that there is "well

established" applicable controlling case law.  *Stein*, 813 F.Supp.2d at 74.  As such, Starbucks'

bases for removal lack any logical or precedential foundation, and under the settled law of this

District, are thus objectively unreasonable.  *See, e.g.*, *Burton v. Coburn*, No. Civ. A. 04-

965(RBW), 2005 WL 607912, at *2 (D.D.C. Mar. 16, 2005) ("Here, the defendant's arguments

for removal—that complete diversity exists—defies firmly established principles of law…. It is

difficult for this Court to fathom that the defendants could have in good faith misconstrued the

law in this area."); *Johnson-Brown v. 2200 M St. LLC*, 257 F.Supp.2d 175, 181 (D.D.C. 2003)

("Courts uniformly have held that a relevant factor for imposing costs and expenses is whether

the removing party contradicts well-settled law in attempting to remove the case to federal court.

Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose

costs and expenses incurred as a result of the removal."); *cf. Knop v. Mackall*, 645 F.3d 381, 383

(D.C. Cir. 2011) (removal objectively reasonable only if there is "at least some logical and

precedential force behind it").

The Court should exercise its discretion to award NCL its fees and costs incurred in opposing this improvident removal given the patent baselessness of Starbucks' removal grounds and because Starbucks' removal undermines the purposes of the CPPA. NCL is a nonprofit public interest organization acting as a private attorney general to seek an end to misleading conduct directed at D.C. consumers. Starbucks has removed a straightforward consumer deception claim that is purely a matter of state law from NCL's chosen forum, D.C. Superior Court, on grounds that are entirely illogical and squarely contradict well-settled law. Starbucks' unfounded removal has both forced wasted the resources of this Court and the parties and delayed an action that aims to end ongoing misconduct. Accordingly, this Court should award NCL its costs and fees incurred to oppose this entirely unwarranted removal.

## CONCLUSION

For all the foregoing reasons, NCL requests an order remanding this action to the Superior Court of the District of Columbia and awarding its fees and costs associated with opposing Starbucks' objectively unreasonable removal.

DATED: March 13, 2024                Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal (D.C. Bar No. 1010473)
Charlotte H. Schwartz (D.C. Bar No. 1658311)
JAMES & HOFFMAN, P.C.
1629 K Street, NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 (facsimile)
dmrosenthal@jamhoff.com
chschwartz@jamhoff.com

Stacey M. Leyton (*Pro Hac Vice* forthcoming)
Connie K. Chan (*Pro Hac Vice* forthcoming)
Bronwen B. O'Herin (*Pro Hac Vice* forthcoming)
Emanuel A. Waddell (*Pro Hac Vice* forthcoming)

ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
(415) 362-8064 (facsimile)
sleyton@altshulerberzon.com
cchan@altshulerberzon.com
boherin@altshulerberzon.com
ewaddell@altshulerberzon.com

Sally J. Greenberg (D.C. Bar No. 358314)
NATIONAL CONSUMERS LEAGUE
1701 K Street, NW, Suite 1200
Washington, DC 20006
(202) 207-2830
sallyg@nclnet.org

Tracy Rezvani (D.C. Bar No. 464293)
THE REZVANI LAW FIRM LLC
9812 Falls Road #114-291
Potomac, MD 20854
(202) 350-4270
(202) 351-0544 (facsimile)
tracy@rezvanilaw.com

Attorneys for Plaintiff National Consumers League

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2024, I electronically filed the foregoing with the Clerk

of the Court for the United States District Court for the District of Columbia by using the

CM/ECF system. I certify that all counsel of record in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system.


/s/ Daniel M. Rosenthal
Daniel M. Rosenthal