UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CONSUMERS LEAGUE,<br><br>*Plaintiff*,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>*Defendant*. | Civil Action No. 24-00421 (AHA) |

## Memorandum Opinion

Plaintiff National Consumers League ("NCL") sued Defendant Starbucks Corporation in D.C. Superior Court, alleging unfair and deceptive trade practices in violation of the District of Columbia's Consumer Protection Procedures Act ("CPPA"). Starbucks removed the case to this Court, asserting federal subject matter jurisdiction via the Class Action Fairness Act ("CAFA") and diversity of citizenship. NCL argues removal was improper. The Court agrees and remands to Superior Court.

**I.     Background**

According to the complaint, NCL is a not-for-profit organization "dedicated to consumer protection, including efforts to encourage and promote accurate labeling on food and beverage products." ECF No. 1-2 at ¶ 10. NCL alleges that Starbucks tells consumers it ethically sources coffee and tea, when in reality the company sources products from farms that engage in human rights and labor abuses. *Id*. at ¶¶ 28–111. NCL filed the suit in D.C. Superior Court as a CPPA action "on behalf of itself and the general public" *Id*. at ¶ 9; *see* D.C. Code § 28-3905(k)(1). Starbucks removed the case to this Court and NCL moved to remand, arguing there is no federal

subject matter jurisdiction. ECF No. 14. NCL also seeks attorney fees and costs for what it sees as an unnecessary detour to federal court. *Id.*

II.   **Discussion**

A state case may be removed to federal court only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *See Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 11 (D.D.C. 2017). "Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed." *Kopff v. World Rsch. Grp., LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 100–07 (1941)). And if "it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

Here, Starbucks says both the Class Action Fairness Act and diversity of citizenship provide federal jurisdiction. As discussed below, neither does.

A.   **CAFA Does Not Provide Subject Matter Jurisdiction**

CAFA provides federal jurisdiction where a civil suit (i) "is a class action" of at least 100 members; (ii) has an amount in controversy exceeding $5 million; and (iii) has at least minimal diversity between the parties, which is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B). Here, it is undisputed that the third of these, minimal diversity, is satisfied. Starbucks contends the other two are satisfied as well because this suit counts as a "class action" and there is more than $5 million in controversy. These arguments are not persuasive.

This suit is not a "class action." CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). NCL has not brought this suit as a civil action under Federal Rule of Civil Procedure 23 or D.C. Superior Court Rule 23. And district courts in this Circuit have long recognized that suits on behalf of the general public under the CPPA are not class actions under CAFA because the CPPA is not analogous to Rule 23 of the federal rules. *See, e.g., Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101–02 (D.D.C. 2008); *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 304–06 (D.D.C. 2013); *Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 35–36 (D.D.C. 2014); *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 64 (D.D.C. 2017).

Starbucks contends this case should be treated differently. It cites *Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980 (D.C. 2015), where the D.C. Court of Appeals held that a representative suit for damages on behalf of the general public under the CPPA should follow the procedures outlined in D.C. Superior Court Civil Rule 23. *Id.* at 989. According to Starbucks, *Rotunda* means that a CPPA suit for damages on behalf of the general public is a "civil action filed under" D.C. Superior Court Civil Rule 23 and therefore subject to CAFA. ECF No. 20 at 5.

This argument fails at its premise: NCL's suit does not seek representative damages on behalf of the general public. While NCL's complaint is brought on behalf of itself and the general public under the CPPA and the complaint contemplates damages as a form of relief, the complaint does not set forth a claim for representative damages that would be collected on behalf of members of the general public. Indeed, NCL has explicitly disclaimed such relief. *See* ECF No. 14-1 at 1– 2. Starbucks pulls from general statements in the complaint regarding the relief sought to insist

that NCL actually wants the damages that it disclaims. But even if those general statements created ambiguity, NCL has clarified it does not seek representative damages in this action. *See Zuckman*, 958 F. Supp. 2d at 300 (accepting plaintiff's stipulations where they "merely clarify what the complaint has asserted from the outset"); *Clean Label Project Found. v. Abbott Lab'ys, Inc.*, No. 21-CV-3247, 2022 WL 1658813, at *9 (D.D.C. May 25, 2022) (accepting plaintiff's clarification it "does not seek statutory or punitive damages on behalf of the general public").[1]

Nor is CAFA's $5 million amount in controversy requirement satisfied. Starbucks' attempt to satisfy the requirement depends on construing NCL's complaint to seek statutory damages of $1,500 for "every bag of coffee beans sold by Starbucks" in D.C. during the limitations period, an amount that would apparently dwarf $5 million. ECF No. 20 at 18 (quoting ECF No. 1-2 at ¶ 41). But as described above, the complaint does not seek such widespread damages. While NCL claims damages for itself, there is no basis to conclude that such damages reach $5 million. Indeed, NCL has submitted a declaration stating that it has purchased only "two Starbucks coffee or tea products, equivalent in value to about $34." *Id.* at 1.

## B. Starbucks Has Failed to Establish Diversity Jurisdiction

A federal court has subject matter jurisdiction when there is complete diversity among the parties and more than $75,000 in controversy. 28 U.S.C. §§ 1332(a), 1441(a). Here, complete diversity is undisputed—NCL is a citizen of Washington, D.C and Starbucks is a citizen of

---

[1] Even if the complaint did plead a claim for damages for the general public, it is not clear CAFA would apply. Courts in this district have long held that an action under the CPPA does not qualify regardless of the relief sought, and at least one court has specifically rejected Starbucks' contention about the impact of *Rotunda*. *See Clean Label Project Found. v. Mead Johnson & Co., LLC.*, No. 20-CV-3231 (TSC), 2023 WL 2733723, at *4 (D.D.C. Mar. 31, 2023) ("[T]he court is unpersuaded that the long and undisturbed line of cases finding that CPPA actions are not removable has been expunged by the *Rotunda* decision."); *see also Hackman v. One Brands, LLC*, No. CV 18-2101 (CKK), 2019 WL 1440202, at *3 (D.D.C. Apr. 1, 2019) (collecting pre-*Rotunda* cases where courts in this Circuit concluded that actions brought under the CPPA do not qualify as class actions under CAFA regardless of the specific remedy sought). Given that the complaint here does not allege damages for the general public in the first place, the Court need not reach the issue here.

Washington State. ECF No. 1-2 at ¶ 10, 15. Jurisdiction thus turns on whether Starbucks can show "by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Sloan v. Soul Circus, Inc.*, No. 15-01389 (RC), 2015 WL 9272838, at *5 (D.D.C. December 18, 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)).

Here, Starbucks' attempt to do so conflicts with well-established principles and precedent. It is undisputed that the damages sought by NCL, apparently arising from two coffee purchases, do not reach $75,000, even maximizing statutory damages. *See* ECF No. 20 at 20–21. Starbucks accordingly argues that attorneys' fees provided for by the CPPA lift the amount in controversy above that threshold, citing the hourly rates NCL's counsel might recover if they prevail. *See id.* at 21–22; *see also* D.C. Code § 28-3905(k)(2)(B) (providing for reasonable attorneys' fees). Courts in this district have routinely found "this kind of conclusory guesswork about potential attorneys' fees is too speculative." *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 140 (D.D.C. 2010); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 63 ("Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees.").

And further, courts have explained that it is error to aggregate attorneys' fees in CPPA cases brought on behalf of the general public. *See Nat'l Consumers League*, 680 F. Supp. 2d at 141 (explaining that "aggregation of damages, aggregation of attorneys' fees is not appropriate in a CPPA case"); *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (recognizing that "the overwhelming weight of authority within this District indicates that defendants seeking to remove CPPA actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the

non-aggregation principle set forth by the Supreme Court" (brackets omitted)). Contrary to Starbucks' contention, it makes no difference that this case has one named plaintiff. The non-aggregation of costs in a CPPA case, such as the expense to comply with an injunction or an award of attorneys' fees, is based on the fact that those cases are brought on behalf of D.C. consumers, not on the specific number of plaintiffs in any given action. *See Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 62; *Breakman*, 545 F. Supp. 2d at 107. Because Starbucks has failed to prove the requisite amount in controversy, the Court cannot exercise diversity jurisdiction.

### C. Conclusion

For these reasons, NCL's motion to remand is granted. In addition to seeking remand, NCL seeks costs and fees incurred as a result of Starbucks' removal; however, the Court does not find that Starbucks "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).[2]

A separate order consistent with this decision accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date: January 28, 2025

---

[2] This is a close call given the wealth of cases in this district rejecting Starbucks' arguments for jurisdiction. An order remanding to state court like this "'is not reviewable on appeal or otherwise'" and therefore "the legal standard for removal has largely been developed in the district courts." *Clean Label Project Found. v. Abbott Lab'ys, Inc.*, No. 21-CV-3247 (BAH), 2022 WL 1658813, at *2 (D.D.C. May 25, 2022) (quoting *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002)). As discussed, numerous courts in this district have rejected Starbucks' asserted grounds for removal, and Starbucks identified almost no authority adopting its positions. At least one court in this district has found it appropriate to award fees in a similar circumstance. *See Stein v. Am. Express Travel Related Servs.*, 813 F. Supp. 2d 69, 74 (D.D.C. 2011). Here, however, NCL may have contributed to confusion over whether Starbucks could prove the requisite amount in controversy for removal by misidentifying itself in the complaint as a "member" organization—a fact that NCL has since corrected through declaration. Given NCL's own role in creating this detour, the Court declines an award of costs or fees. In the event federal litigation is further drawn out in this case, however, the Court may find an award of costs and fees appropriate.